GEORGE BINGHAM, PLAINTIFF-APPELLANT, v. HARWOOD EDWARD ODEREY FISH, DEFENDANT-RESPONDENT.

Argued July 5, 1916—Decided November 20, 1916.

In an action of deceit for the purchase of stock in a company, claimed to have been induced by false representations as to its value, it is not enough for the plaintiff to prove that the company, the stock of which he purchased, possessed assets, but the value of the assets must be shown, as an element from which the jury can estimate the damages. A nonsuit by the trial court, for the lack of such proof, is not error.

On appeal from the Supreme Court.

For the plaintiff-appellant, M. Casewell Heine.

For the defendant-respondent, Codding & Oliver.

The opinion of the court was delivered by

BLACK, J. This was an action of deceit tried at the Union Circuit, resulting in a nonsuit. The ruling of the trial court is alleged as the sole error on this appeal. That ruling was based on the ground that there was no testimony in the case showing the value of the assets of the company, in which the appellant bought stock, viz., the value of the assets of the Gem Exploration Company of South Dakota. The trial court held that the value of the assets in the testimony is left in an absolutely uncertain state. There is no basis from which the jury could estimate the damages. The fact of assets and their character are shown, but no testimony is presented, showing the value of the assets. This is the second trial of the case. The first trial resulted in a nonsuit, which, on appeal to this court, was reversed. *Bingham* v. *Fish*, 86 N. J. L. 316.

The rule of law to be applied in this class of cases is elemental and firmly established, viz., the plaintiff in an action

of deceit must show that he has sustained the damages, which he alleges he suffered. *Lams* v. *Fish,* 86 *N. J. L.* 321; *Crater* v. *Binninger,* 33 *Id.* 513; *Smith* v. *Duffy,* 57 *Id.* 679; *Duffy* v. *McKenna,* 82 *Id.* 62; *Smith* v. *Bolles,* 132 *U. S.* 125.

A short statement of the important facts will illustrate the application of the principle of law which the trial court was called upon to apply at the trial. The suit was brought by the plaintiff-appellant against the defendant-respondent in an action of deceit, for fraudulently inducing the plaintiff to buy four thousand shares of stock in the Gem Dredging Company of South Dakota, for which he paid $1,000. He was afterwards induced to change this stock for four thousand shares in the Gem Exploration Company of South Dakota, which he now holds. The Gem Dredging Company of South Dakota, the first company, acquired rights to diamond mining properties in Brazil, for which it paid large sums of money. This company had a large authorized capital stock, and for that reason was not registered in Brazil. Afterwards the Gem Exploration Company of New Jersey, with a small capital, was organized, to which company all the properties and assets of the Gem Dredging Company of South Dakota were conveyed. This company was registered in Brazil. Afterwards the Gem Exploration Company of South Dakota, with a large authorized capital stock, was formed, which new company acquired all the capital stock of the Gem Exploration Company of New Jersey. The stockholders of the acquired company, including the plaintiff-appellant, exchanged their holdings for stock in the Gem Exploration Company of South Dakota, so that the Gem Exploration Company of South Dakota now owns, through its stock ownership of the Gem Exploration Company of New Jersey, all the properties and assets acquired during these various transactions. The testimony at the close of the appellant's case showed that the company was possessed of diamond mining rights in the bed and shores of the Jequitinhonha river and the Cathe Mirim river, what are called the Cubas, Ronco and Santos properties, a contract right, in what is designated in the record as the Raiz property, also various

options to purchase other diamond properties, in the State of Minas Geraes, known as Perpetua, and other properties, some machinery, buildings, tools, &c., at the place of operation, but nowhere in the record can we discover testimony from which the value of these properties can be determined. Hence, it is impossible to say what value, if any, the shares of stock may have.

The argument of the appellant, to use the words of his brief, is, at least, this, showing (the assets) by the plaintiff was sufficient to create an inference, which the defendant-respondent should have been called upon to rebut, from his greater and more accurate sources of information, and, consequently, the granting of the motion to nonsuit was error, citing *McMillan* v. *Dallas,* 88 *N. J. L.* 690.

We think the case, however, is controlled by the case in this court of *Lams* v. *Fish, supra,* which holds that where the action is predicated on the purchase of stock in a company, claimed to have been induced by fraudulent representations as to its value, there must be proof that the stock was in fact worth less than the plaintiff paid for it.

The ruling of the trial court granting the motion to nonsuit was not error. The judgment is therefore affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ.    12.

*For reversal*—None.