WILLIAM T. DUMPHY, HELEN DAVIS DUMPHY, MOLLY DUMPHY, HELEN C. DUMPHY, BY HER NEXT FRIEND, WILLIAM T. DUMPHY, PLAINTIFFS, v. GERALDINE THOMPSON, DEFENDANT.

Decided October 21, 1925.

Negligence—Motor Vehicle Collision—Defendant Driving Car at Unlawful Speed on Wrong Side of Road—Plaintiffs' Car Under Complete Control—Verdict Not Excessive Nor Against Weight of Evidence—Medical Testimony Not Improperly Excluded—Photographs Not Improperly Excluded—Charge Not Improper—Criticism on Part of Charge Hypercritical.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, Edward A. Marklay and Charles W. Broadhurst.

Contra, Theodore D. Parson.

PER CURIAM.

On August 1st, 1923, William T. Dumphy was driving an automobile along Bellevue avenue, in the borough of Rumson. With him in the car were his wife, Helen Davis Dumphy; his daughter (aged two years), Helen C. Dumphy; Molly Dumphy, his sister, and a young woman named McKinny. When Dumphy's car was about at the intersection of Bellevue avenue and Ridge road, the defendant, who was operating an automobile westerly along Ridge road, at a great rate of speed, crashed into the Dumphy automobile, which resulted in injuries to the occupants of the car, and actions were brought against the defendant by William T. Dumphy, and by his wife, daughter and sister, to recover damages for the injuries they sustained.

The cases were tried in the Monmouth Circuit, and resulted in a verdict in favor of Helen Davis Dumphy in the sum of $10,000, and in favor of Molly Dumphy in the sum of $500, and in favor of the defendant as against William T. Dumphy and the infant, Helen C. Dumphy.

The first point made and argued on behalf of the defendant is that there was no proof that the defendant was negligent in the operation of her car. This contention is barren of any merit. The accident happened at about five o'clock on a clear afternoon. Dumphy's car, at the time it was run into by the defendant's automobile, was being driven four or five miles an hour. It is also clear from the testimony that the defendant was operating her car at about thirty miles an hour, and though she says that as she approached the intersection of the roads while her view was obscured to some extent by a hedge, she nevertheless continued to run her car at a speed of about fifteen miles an hour and contented herself in continuing her car at that rate of speed, honking her horn without attempting to ascertain whether it was safe or not to continue even at the reduced rate of speed. On the other hand there was testimony that at the time of the collision she was operating her car at a terrific rate of speed, and in violation of the regulations of the Traffic act, in that she approached the intersection of the roads at a speed greater than four miles an hour; that she operated her automobile in violation of the right of way of the Dumphy car under the Traffic act, and was upon the wrong side of the public highway.

Next, it is argued that according to the clear weight of the evidence Dumphy's wife, Helen, was exercising control of the automobile which her husband was operating, and, therefore, chargeable with contributory negligence. This claim receives no support from the evidence, and is wholly without any substance. In view of the fact that Mrs. Dumphy told her husband to slow down and be careful, and that he immediately obeyed her instructions, tends rather to show that at the time of the accident Dumphy was exercising great

care in operating his car, since he reduced its rate of speed to about four or five miles an hour.

The next point argued in the brief of defendant's counsel is that the verdict in favor of Helen Davis Dumphy, the wife of the operator of the car, is excessive and against the clear weight of the evidence. We think the testimony is plenary, that the defendant was negligent. We are also satisfied from a careful consideration of the testimony regarding the injuries sustained by Mrs. Dumphy that they will have a permanent ill-effect upon her health and comfort in the future, and, therefore, we cannot say that the amount of damages awarded her is excessive.

Under point four, counsel for defendant argues that the court erroneously excluded a question put to Dr. Slocum, which question was as follows: "But in your experience have you seen exopthalmic goitre where protrusion of the eye balls was not present." The question was properly excluded. It was wholly immaterial whether the doctor had in his experience observed that symptom mentioned in the question. This inquiry could shed no light upon the subject whether or not a protrusion of the eye balls is a necessary symptom of the disease.

It is further argued that the trial court was in error in excluding a photograph of the place of the accident taken by a photographer for the defendant. It was purely a matter of discretion to be exercised by the court whether or not the photograph was to be received in evidence. Its exclusion was not harmful.

Next, it is argued that the verdicts should be set aside, in that the court in its charge instructed the jury, "you must take into account all the circumstances of the case, the place where it happened and the evidence as to how it happened." We think, in view of the pleadings in the cause, and the testimony which was adduced in support thereof, the instruction given was legally accurate.

The claim of counsel of the defendant that the instruction permitted the jury to find the defendant liable for the plain-

tiffs' damages if they found that the defendant was negligent in any respect under all the circumstances of the case is without substance. It must be presumed that the instruction related to the evidence and proven circumstances under the pleadings in the case, and there is nothing in the charge which indicates to the contrary. The cases referred to by the counsel in support of his contention are cases where there was a variance between the testimony adduced and the pleadings in the cause.

We do not find any substance in the contention of counsel in regard to what the trial judge said in reference to the failure of the defendant to regard the rule of the road as to right of way, for he made it clear to the jury that that circumstance standing alone would not constitute negligent conduct on part of the defendant, but that it was one of the facts which should be taken into consideration by the jury in determining the question whether under all the circumstances the defendant was exercising due care at the time of the accident. This was legally accurate.

We find no prejudicial error in the charge of the trial judge as to contributory negligence. The court expressly instructed the jury that the palintiffs would be only entitled to recover if they did not in any way contribute to the accident. Earlier in the charge he instructed the jury that the negligence of the driver could not be imputed to the passengers.

Counsel of defendant contends that he was harmed by an instruction of the trial judge, where he said: "You will carefully consider all of this expert testimony and give it such weight as you think it is justly entitled to receive, taking into account, of course, the learning and skill shown by the witness upon the stand and all the other circumstances of the case. You are not, of course, bound by the opinion of experts, any more than you are bound to by any other factor which may be testified to in the case. In other words, this evidence is a part of all the evidence, and you are to give all of the evidence full and fair consideration."

The criticism on this part of the charge of the court is hypercritical. The instruction was a fair comment on the testimony in the case. Counsel of defendant further insists that the trial judge invaded the province of the jury in his comments upon the medical testimony. This appears not to be so. A careful examination of what the court said on the subject satisfies us that the comments made were proper and were warranted by the testimony. Lastly, it is argued, on behalf of the defendant, that the verdicts were inconsistent and contrary to law because the jury specially found the defendant was not negligent by bringing in a verdict in favor of the defendant against the plaintiff Helen G. Dumphy, who was a passenger, and, nevertheless, found a verdict in favor of the plaintiffs Helen Davis Dumphy and Molly Dumphy, who were also passengers in the automobile.

There does not seem to be any merit in this contention. The fact, as it appears, is that Helen C. Dumphy was an infant two years of age, and was unharmed in the accident. It might very well be that she was entitled to a nominal verdict of six cents, and this might have furnished a good ground for an application in her behalf to have the verdict set aside as against her. We cannot perceive on what legal principle the defendant can avail herself of the failure of the jury to find a verdict in favor of the infant, and for that reason be entitled to have the verdict in favor of the plaintiffs set aside.

Rule is discharged, with costs.