FRANK METTIE, APPELLANT, v. JOSEPH DeBAGHIAN AND
PUBLIC SERVICE RAILWAY COMPANY, RESPONDENTS.

Argued May 19, 1926—Decided October 18, 1926.

Where there was a collision on a public highway between two vehicles,
in one of which plaintiff was a passenger, and the testimony
showed, and it was so conceded by counsel for both defendants
that plaintiff was entitled to compensation from one of the de-
fendants, a charge by the court that "there seems to be no ques-
tion in this case but that the plaintiff is entitled to recover.
He is entitled to recover from someone, and you are going to say
from whom," was not erroneous.

On appeal from the Supreme Court.

For the appellant, *Ward & McGinnis.*

For the respondent DeBaghian, *Alexander M. MacLeod.*

For the respondent Public Service Railway Company,
*Joseph Coult* (*William H. Speer* and *Henry Fryling,* of coun-
sel).

The opinion of the court was delivered by

KALISCH, J.   The plaintiff, Frank Mettie, brought his ac-
tion in the Passaic County Court of Common Pleas to recover
compensation for injuries received by him in a collision be-
tween a trolley car of the Public Service Railway Company
and a jitney bus of the defendant DeBaghian, a co-defendant,
in whose bus the plaintiff was riding, as a passenger.   The
trial resulted in a verdict for the plaintiff against both de-
fendants for $6,000, and judgment having been entered
thereon an appeal was taken to the Supreme Court by both
defendants.   That tribunal reversed the judgment of the trial
court, and the matter is now before us on appeal, on a stipu-
lated case which was before the Supreme Court, and in which
stipulation it was agreed as follows:

"The above-entitled cause having been appealed by the plaintiff from the judgment of the New Jersey Supreme Court, it is hereby stipulated and agreed that the state of the case in this court shall consist of the following:

"Notice of the grounds of appeal.

"The return of the Supreme Court.

"The pleadings.

"The charge of the court and the exceptions thereto.

"The stipulation entered into by counsel with respect to what the court had charged.

"The opinion of the Supreme Court."

The stipulation above referred to is supplemented by another stipulation between counsel which reads: "It is agreed that the trial of the above-entitled cause, Joseph Coult, Jr., attorney for defendant Public Service Railway Company, during his summation of the evidence adduced in the said cause stated to the court and jury, that he conceded that the plaintiff ought to recover damages in the case, but he should recover same from defendant DeBaghian, who was liable and not from the defendant, the Public Service Railway Company. It further stipulated that the defendant Public Service Railway Company withdrew its defenses of contributory negligence. It is further agreed that Alexander M. MacLeod, attorney for defendant Joseph DeBaghian, during his summation of the evidence adduced in the said cause stated to the court and jury that he conceded that the plaintiff ought to recover damages in the case but that he should recover the same from the defendant the Public Service Railway Company, and not from the defendant Joseph DeBaghian."

The Supreme Court bases its reason for reversal of the judgment below upon an alleged error in the judge's charge to the jury, where he said: "There seems to be no question in this case, but that the plaintiff is entitled to recover. He is entitled to recover from someone, and you are going to say from whom." The reason of the Supreme Court for reaching the conclusion that this was error is stated as follows: "This instruction seems to us palpably erroneous, for it overlooks the fact that the jury might have found that the collision

occurred notwithstanding that both the motorman and the driver of the jitney were using due care in the operation of their respective vehicles."

Such a view was not legally warrantable under the facts presented to the court. It is to be borne in mind that the stipulation of counsel, among other things, was that the charge of the court, with the exceptions thereto, should be made a part of the state of the case. In this situation we must assume that the statements made therein by the court are true and warranted by the evidence. The trial judge in his charge said: "Evidence has been produced here on the part of the plaintiff, establishing the fact that both or either of these defendants were negligent in the operation of the cars in the hands of its employes and because of such negligence, caused this accident. So, I say from the testimony you are to determine who was the proximate cause of the injuries that the plaintiff sustained.

"Furthermore, it appears from the pleadings in the case, which are also made a part of the state of the case on appeal, that there was a collision between the two vehicles on a public highway."

This court, in *Fox* v. *Great Atlantic and Pacific Tea Co.,* 84 *N. J. L.* 726 (at *p.* 728), cited with approval an excerpt from 1 *Thomp. Negl.,* § 1322, which reads as follows: "Cases of collisions on highways almost invariably involve questions of concurrent negligence on part of both of the actors."

The learned trial judge in the present case in stating the testimony says: "As I recall the testimony, plaintiff was riding as a passenger on the bus of the defendant DeBaghian, on Hamburg avenue, going south, the trolley car on the same street came in contact with the jitney bus, the trolley car going south." He then told the jury that the question of who was responsible, or who is liable to the plaintiff for the injuries he sustained, was a question of fact to be settled from the evidence.

But a most potent factor in the case is the stipulation entered into between counsel as to what took place in the trial court, and by which stipulation it appears that counsel

of the contending defendants, conceded the plaintiff's right to recover compensation for the injuries which he sustained, which concession was practically an admission that under the evidence there was proof of negligence, which produced the collision of the vehicles. While it is true that the defendant company and the bus owner disclaimed negligent conduct on its and his part, it was practically conceded that the injury to the plaintiff was the result of negligence on somebody's part in the operation of the colliding vehicles, and defendants' counsel, therefore, apparently, were content to go to the jury on the issue presented by the testimony, as to who was answerable to the plaintiff.

It was in line with the statement made and the theory suggested by defendants' counsel, as appears from the stipulation, that the court charged the jury: "There seems to be no question in this case but that the plaintiff is entitled to recover from someone and you are going to say from whom."

For the reasons given we find no error in this. The judgment of the Supreme Court is reversed and the judgment of the Passaic County Court of Common Pleas is affirmed, with costs.

*For affirmance*—MINTURN, J. 1.

*For reversal*—KALISCH, BLACK, CAMPBELL, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 8.