BERTHA C. SALMON AND JOSHUA SALMON, PLAINTIFFS, v. EDWARD TUTHILL, DEFENDANT.

Decided January 9, 1932.

Before LAWRENCE, Circuit Court judge.

For the rule, *Howard F. Barrett.*

*Contra, King & Vogt.*

LAWRENCE, C. C. J. This suit was tried before me and a jury at the Morris Circuit. It was an automobile accident case and resulted in a verdict of no cause of action as to Mrs. Salmon and in favor of her husband (the other plaintiff), for $367.40, covering damages to the automobile which he owned and which his wife was driving at the time of the accident. No complaint as to the verdict is made by her, but defendant took out the present rule and argues for a new trial on the ground that since a no cause verdict was returned as to Mrs. Salmon, that in favor of her husband for his property loss cannot be sustained. It is also urged that the verdict in the latter respect is contrary to the clear weight of the evidence. This does not appear to be so. Mrs. Salmon, beyond stating that she received a shock which she felt for a day or two, offered no evidence of any real physical injury received in the collision, and the jury could have concluded that she had not been hurt in such a way as to justify compensation. It is said that the cause of action is not the negligent act, but the consequences following it, for to support the action there must be not only the negligent act but a consequential injury; the injury being the gravamen of the charge. *Ochs* v. *Public Service Railway Co.,* 81 *N. J. L.* 661; *Smith* v. *Fischer Baking Co.,* 105 *Id.* 567, 569. The proofs as to the breaking of the automobile were ample, and inasmuch as the assessment of damages in this regard was obviously based on a finding of negligence against the defendant, it does not follow that the verdict as to Mrs. Salmon was inconsistent on that issue. The evidence disclosed a case peculiarly for the jury.

Emphasis was laid in the brief of defendant's counsel on what is urged was evidence at the trial of Mrs. Salmon's contributory negligence in driving her husband's car with the left headlight out and the right wheels over the center of

the highway. This was denied, in a somewhat circumstantial way, by her and her son who was riding with her. While defendant testified to the contrary and appears to have been corroborated by acquaintances of his in a car immediately following his own, the jury could have found, considering the width of the road, that the presence of defendant's car in front of that in which the witnesses in question were, interfered with their ability to have seen the left headlight of the Salmon car or the position of the latter, and so affect the weight of their testimony.

Moreover, defendant's claim apparently was that the cause of the collision was the improper position of the car in the highway precisely the claim made by Mrs. Salmon as to defendant's automobile, and just what relation the alleged unlighted headlight is thought to have borne in a causal way to the accident is not made clear. While it is assumed to have been so in fact, notwithstanding her denial and that of her son, the jury may have found either that it was not so in fact, or if so, that it bore no causal relation to the accident or that Mrs. Salmon had no knowledge of it, direct or inferential. Without such knowledge, it would seem that she could hardly have been held guilty of contributory negligence in that respect.

Finally, it was argued that certain marks said to have been made in the highway by the broken left front wheel of defendant's automobile, or the axle, as it was dragged along from the point of impact to the place where it came to rest, had been measured by a state trooper after the accident and indicated that the vehicle had been on the right side of the road. The trooper was not called as a witness at the trial, however, or otherwise examined, and the jury did not, therefore, have his testimony, as the best evidence on the subject, before them for consideration. That they accepted the version of the accident given by Mrs. Salmon and her son is suggested by their verdict.

In all the circumstances, it does not appear that it was so clearly against the weight of the credible evidence as to warrant setting it aside. The rule will be discharged.