CAROLINE DE FRONZO AND LUIGI DE FRONZO, PLAIN-TIFFS-APPELLANTS, v. PUBLIC SERVICE CO-ORDI-NATED TRANSPORT, A CORPORATION, CYRIL KEEGAN AND PATSY RAGONESE, DEFENDANTS-RESPONDENTS.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellants, *Hodes & Hodes* and *Elias G. Willman*.

For the respondents Public Service Co-ordinated Transport and Cyril Keegan, *Henry H. Fryling, William H. Speer* and *James O. Boyd*.

For the respondent Patsy Ragonese, *Burtis S. Horner*.

The opinion of the court was delivered by

CASE, J.  Mrs. De Fronzo was a passenger upon a Public Service Co-ordinated Transport bus, between which and the Ragonese truck there was a collision resulting, as alleged, in injuries to the passenger.  De Fronzo (her husband joining for incidental damages) sued both the utility (with its driver) and Ragonese, met with a jury verdict in the Essex Circuit of no cause of action and obtained a rule to show cause why a new trial should not be granted on the ground that the verdict was contrary to the weight of the evidence.  After argument the rule was discharged.  The De Fronzos now appeal, setting up that the judge abused his discretion in discharging the rule.  Appellants rely upon *Hoffman* v.

*Smith,* 6 *N. J. Mis. R.* 1090, for the proposition that when an accident of this kind happens one or the other or both of the drivers of the vehicles are fairly to be charged with negligence, and that a verdict in favor of both of them at the hands of the jury can reasonably be accounted for on no other theory than that the jury were unable to make up their minds as to which of the two defendants was responsible and compromised by finding the plaintiff entitled to recover as against neither, and upon *Martin* v. *Lehigh Valley Railroad Co.,* 114 *N. J. L.* 243, 246, for the further proposition that the abuse of discretion in this respect is ground for reversal by an appellate court.

Plaintiffs produced testimony that the collision was caused by the Public Service bus bumping into the Ragonese truck as the latter stood motionless near a street crossing. They also produced testimony that the collision was caused by the truck in coming from behind and ramming against the bus. It was within the province of the jury to find upon the first showing that Ragonese, and upon the second that the utility, was blameless. Plaintiffs left the case in this confusing, contradictory and unconvincing *status.* We consider that at the close of the trial the jury would have been justified, piecing one bit of evidence with another, in finding that the day was rainy and foggy, that the approach by which the vehicles came to the point of contact was the down grade of a hill, that the bus was drawing slowly to a stop to discharge passengers, that the truck driver had made timely and diligent application of brakes but that, notwithstanding, the truck moved slowly on a down grade along the wet pavement into slight contact with the bus, and further, that plaintiffs' claims included physical infirmities which were not caused by the accident. There was not persuasive proof of defective brakes.

*Hoffman* v. *Smith, supra,* was a determination by the Supreme Court passing in the first instance upon a rule issuing out of that court. It is not a precedent for appellate action. In *Mellie* v. *DeBaghian,* 103 *N. J. L.* 118, this court dealt with a case which had come out of the trial court on

error in the charge. It did not grow out of a rule and, moreover, turned in part on an admission of negligence.

It has long been and is still the rule that trial courts will not set aside a verdict, as against the weight of the evidence, unless the facts and circumstances clearly sustain the inference that it was the result of mistake, passion, prejudice or partiality. *Floersch* v. *Donnell,* 82 *N. J. L.* 357; *Juliano* v. *Abeles,* 114 *Id.* 510. Bearing in mind that the error alleged herein is that the trial court abused its discretion in not granting, on rule, a new trial on the ground that the verdict was contrary to the weight of the evidence, and assuming that such a reason would be ground for appeal, we conclude that the verdict did not come clearly within any of the condemned classifications and that, therefore, the determination of the trial court could not have been an abuse of discretion.

It is unnecessary to decide whether there may be an appeal from a disposition by the trial court of a rule to show cause why a new trial should not be granted even on an allegation of abuse of discretion.

Judgment below affirmed.

*For affirmance*—The Chancellor, Chief Justice, Lloyd, Case, Bodine, Donges, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, JJ. 12.

*For reversal*—Heher, J. 1.