MARTHA JANE RICH, AN INFANT. BY CHARLES RICH, HER NEXT FRIEND, CHARLES RICH AND AURELIA FORSTER RICH, PLAINTIFFS, v. CENTRAL ELECTRO-TYPE FOUNDRY COMPANY, A CORPORATION OF NEW JERSEY, WALTER A. JACOBS, JOHN I. SPOONER AND GEORGE I. SPOONER, DEFENDANTS.

Argued November 26, 1938—Decided January 10, 1939.

Before Justice PERSKIE, at chambers, pursuant to statute.

For the plaintiffs, *Francis A. Gordon.*

For the defendants, *Lester C. Leonard.*

PERSKIE, J.  This cause is before me on the return of a rule to show cause why a jury verdict of $10,000 in favor of the infant plaintiff, and against defendants Central Electrotype Foundry Company and Walter A. Jacobs, should not be set aside and a new trial granted.

*In limine,* I mark the fact that I undertook the consideration and disposition of this rule, with the written consent of counsel for the respective parties, because Judge Lawrence, before whom this cause was tried, died before disposing of this rule which he had allowed.

This is a tort case.  As indicated, it was tried before Judge Lawrence and a jury at the Monmouth County Circuit.  The alleged actionable negligence of all defendants arises out of a collision between two automobiles on August 1st, 1936, at about 7:30 P. M. (D. S. T.).  More as to the details thereof later.

The infant plaintiff was a passenger in the car owned by defendant John I. Spooner and driven by defendant George I. Spooner.  This car, while crossing an intersection, collided with a car owned by defendant Central Electrotype Foundry Company and driven by defendant Walter A. Jacobs.  As a result of that collision the infant plaintiff sustained serious injuries (among others, permanent facial disfigurement) for which she sued all named defendants, individually and jointly. The infant's father joined in the suit to recover medical and incidental expenses.  The infant's father and mother both sued to recover for loss of services.  They, however, took a voluntary nonsuit as to this joint claim for services and a judgment of nonsuit was accordingly entered thereon.  The jury returned a verdict of $10,000 in favor of the infant plaintiff and against defendants Central Electrotype Foundry Company and Walter A. Jacobs; the jury found in favor of the Spooners individually and jointly, and the jury found in favor of all defendants on the claim of the infant's father for his medical and incidental expenses.  Judgment was entered on the verdicts so rendered.  Hence the rule to show cause.

*First:* It is urged that the verdict is against the weight of the evidence. I do not think so. The accident occurred at the intersection of Lincoln and Fifth avenues, in the borough of Avon, Monmouth county, New Jersey. Defendant Jacobs was driving on Fifth avenue in a southerly direction, towards Lincoln avenue, and defendant Spooner was driving on Lincoln avenue in a westerly direction towards Fifth avenue. There was evidence to the effect that Spooner was proceeding at a moderate rate of speed and was more than half way across the intersection when the car he was driving was struck by the car which was driven by Jacobs. The physical facts tended to indicate that the Spooner car was pushed, by force of the collision, in a southerly direction clear across the highway and struck a tree at about the southwest corner of the intersection. Photographs and other testimony further tended to corroborate Jacobs' negligence. There was, of course, testimony tending to place the culpability for the accident upon Spooner. Under these conflicting proofs the learned trial judge properly instructed the jury that they might find that either Jacobs or Spooner, or both, were negligent. It is well settled that trial courts will not set aside a verdict as against the weight of the evidence unless all the facts and circumstances clearly sustain the inference that it was the result of mistake, passion, prejudice or partiality. *Floersch* v. *Donnell,* 82 *N. J. L.* 357, 359; 82 *Atl. Rep.* 733; *Juliano* v. *Abeles,* 114 *N. J. L.* 510, 511; 177 *Atl. Rep.* 666; *DeFronzo* v. *Public Service Co-ordinated Transport,* 116 *N. J. L.* 116, 118; 182 *Atl. Rep.* 640. There is no such showing here. The proofs fully support the verdict.

*Second:* Defendants, however, argue that the verdict was the result of passion or prejudice because of the improper question which counsel for plaintiff asked Jacobs. The latter testified that he had been driving a car for about nineteen years. He was asked whether he was still driving and his answer was "yes." Counsel for plaintiff then asked the objectionable question: "*Q.* Have you a license? *A.* Not at present, no." The same question, in substance was repeated and again answered in the negative. Whereupon counsel for

defendants moved for a mistrial. The motion was denied. The judge ordered the testimony stricken. Not only was the testimony stricken but the judge instructed the jury to disregard it and, then and there, very fully explained to the jury the immateriality of the question. He instructed the jury to disregard it and to pay no attention to it. As a matter of fact, he clearly pointed out the real issue involved. It is difficult to visualize what more (other than to grant the motion) the judge could possibly have done. Counsel for defendants concede that the judge did not abuse his discretion in denying the motion, and that the judge's efforts to overcome the effects of the question were "laudable." The argument seems to be that no matter what the judge did, it was impossible to eradicate the "lingering prejudice" still remaining in the minds of the jury. The case of *Patterson* v. *Surpless*, 107 *N. J. L.* 305; 151 *Atl. Rep.* 754, urged in support of that claim, is clearly distinguishable. In that case jurors were asked whether they were stockholders in a certain insurance company. The court refused a motion for a mistrial, struck out the testimony of defendant that he was not insured, and refused the request of counsel for defendant to instruct the jury to disregard any question of insurance. Here the record discloses that whatever the injury may have been as the result of the improper question, that injury was fairly, fully and completely removed by "proper instructions and caution to the jury." And, moreover, it is conceded that the judge did not abuse his discretion, "and, unless, such discretion is abused (the court's ruling) will not be disturbed." *Bashaw* v. *Eichenberger,* 100 *N. J. L.* 153; 125 *Atl. Rep.* 130.

*Third:* Finally, defendants argue that the verdicts were inconsistent, inasmuch as the infant plaintiff recovered while her father whose suit was derivative did not. It is, of course, well settled that inconsistent verdicts are fatally defective. *Lanning* v. *Trenton and Mercer Traction Corp.,* 3 *N. J. Mis. R.* 1006; 130 *Atl. Rep.* 444; *Muha* v. *DeLuccia,* 5 *N. J. Mis. R.* 274; 136 *Atl. Rep.* 332; *Swienciki* v. *Wieczerzak,* 6 *N. J. Mis. R.* 145; 140 *Atl. Rep.* 248; *Henderson* v.

*Abbott's Alderney Dairies,* 7 *N. J. Mis. R.* 454; 146 *Atl. Rep.* 47. But is this principle applicable in the instant case? I do not think so. Plaintiff's father is a doctor. Dr. Grecca, who treated the infant plaintiff, is a Fellow of the American College of Surgeons. Because of this circumstance and because of an ethical policy among doctors and surgeons not to charge for services rendered each other and their respective families, there was a question as to whether the infant's father was obliged to pay Dr. Grecca's bill of $200. Dr. Grecca testified that if liability was found on the part of any or all of the defendants he intended to collect for his services but if no such liability was found he did not intend to charge Dr. Rich, the infant's father. The judge left with the jury for its determination, as a matter of fact, whether, under the circumstances, the doctor's bills should be allowed. Plaintiff's other money damages are said to have been trivial. The judge did not instruct the jury, nor was he asked to do so, that in the event it concluded to reject the doctor's bill as a proper item of damages, it might bring in a verdict for at least nominal damages in favor of Dr. Rich. Whether the failure to charge as to nominal damages is error is not necessary to be decided. I do not decide it. But I do mark the fact that the verdict as rendered was in accordance with the law as charged. In addition thereto, the father who is the only one injured, does not complain. Accordingly the verdict should not be disturbed. *Dunphy* v. *Thompson,* 3 *N. J. Mis. R.* 1086, 1090; 130 *Atl. Rep.* 639; *Windisch* v. *Comerford Construction Co.,* 8 *N. J. Mis. R.* 70; 148 *Atl. Rep.* 926.

The rule to show cause is discharged, with costs.