JOSEPHINE BRASS AND IRVING BRASS, PLAINTIFFS-APPELLANTS, v. HARRY H. TODD AND LEONARD WANEX, INDIVIDUALLY AND AS CO-PARTNERS DOING BUSINESS AS H. H. TODD AND L. WANEX, DEFENDANTS-RESPONDENTS.

Argued February 27, 1950—Decided March 13, 1950.

*Mr. Harry Chashin* argued the cause for appellants (*Messrs. Marcus & Levy,* attorneys).

*Mr. Charles C. Stalter* argued the cause for respondents.

The opinion of the court was delivered by

WACHENFELD, J. This is an appeal to the Appellate Division certified here. There is only one question: should the verdict of the jury for the defendants be set aside because it is contrary to the weight of the evidence?

On October 23, 1946, the defendants operated a ten-wheel truck carrying a load of seven-and-a-half tons of apples. The plaintiffs' automobile, occupied by them and their two children, was stopped on the highway at an intersection by reason of a red light and had been standing there for some ten or fifteen seconds. The truck stopped about ten or fifteen feet behind the car but the defendant Wanex inadvertently released a brake hand valve and the truck coasted forward, striking the rear of the car. It is admitted Wanex "accidentally bumped the rear of the plaintiffs' car while in the act of bending over a slight bit to adjust a speedometer cable."

Contributory negligence was not alleged or made an issue.

The facts are not in dispute. Negligence was proven at the trial and conceded on oral argument here, leaving only the amount of damages to be determined. The jury nevertheless ignored the testimony and returned a verdict of "no cause of action."

Plaintiffs made no motion for a new trial to the court below because *Rule* 3:59–5 then barred an appeal with respect to any questions there raised. The rule has since been amended, eliminating the necessity for the procedure here followed.

Negligence having been abundantly proven, the plaintiffs were entitled to a verdict. The verdict rendered in favor of the defendants was clearly against the weight of the evidence.

The judgment below is reversed and set aside and a judgment in favor of the plaintiffs on the issue of negligence is entered. The cause is remanded for the determination of the damages sustained. *Rule* 1:2–20. *Paolercio v. Wright,* 2 *N. J.* 412 (1949).

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD and BURLING—6.

*For affirmance*—None.