37 N.J. Super. 133 (1955)
117 A.2d 172
GEORGE KOVACS, PLAINTIFF,
v.
RICHARD E. EVERETT, DEFENDANT. ALEXANDER KOVACH, PLAINTIFF-APPELLANT,
v.
GEORGE KOVACS, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1955.
Decided October 5, 1955.
*134 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Harry Weiner argued the cause for appellant (Messrs. Weiner and Weiner, attorneys; Mr. H. Harding Brown, on the brief).
*135 Mr. Frederick C. Vonhof argued the cause for respondent Kovacs (Mr. Albert M. Neiss, attorney).
Mr. Donal C. Fox argued the cause for respondent Everett (Messrs. Fox & Schackner, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
On March 20, 1953 Alexander Kovach was a passenger in a car owned and operated by his brother George Kovacs (last name spelled differently) when the car became involved in an intersectional accident with an automobile driven by Richard E. Everett. George Kovacs sued Everett for personal injuries and property damage, and Everett counterclaimed. In a companion case consolidated with the one just mentioned, Alexander Kovach sued both drivers for personal injuries, demanding judgment of $15,000.
In Kovacs v. Everett the jury returned a verdict of no cause of action on the complaint and counterclaim, finding both drivers had been guilty of contributory negligence. No appeal has been taken from the judgment entered on that verdict. The jury also returned a verdict of no cause of action in Kovach v. Kovacs and Everett. Kovach then moved for a new trial as to damages only because the verdict was contrary to the weight of the evidence, inconsistent and irreconcilable with the first verdict, contrary to the charge of the court, and clearly the result of mistake, passion, partiality or prejudice. This motion was denied and judgment duly entered in favor of defendants. Kovach appeals from both the judgment and the order denying his motion for a new trial.
Plaintiff's first two points, that the verdict was against the weight of the evidence and was irreconcilable and inconsistent with the verdict rendered in Kovacs v. Everett, may be considered together because they stem from essentially the same argument, namely, that he had proved a compensable injury. The question of liability does not intrude upon our determination of plaintiff's contentions. The jury found both drivers negligent, so that the only question remaining is whether *136 plaintiff had proved injuries resulting from the accident entitling him to recover damages. If we find the jury was justified in returning the verdict it did on the basis of the evidence presented, then neither ground asserted by plaintiff will avail him.
In passing upon plaintiff's argument we are guided by R.R. 1:5-3(a), made applicable to the Appellate Division by R.R. 2:5 which provides that a jury verdict shall be set aside as against the weight of the evidence only if, having due regard to the opportunity of the trial court and the jury to pass upon the credibility of the witnesses, it clearly and convincingly appears that the verdict was the result of mistake, partiality, prejudice or passion. The same standard, incidentally, controls the determination by the trial court of the same question. R.R. 4:61-1(a). And see Hager v. Weber, 7 N.J. 201, 210 (1951), where the Supreme Court held that a verdict "that rests upon testimony competent to sustain the inference implied in such a finding is ordinarily conclusive," and that the court may not set aside a verdict merely because, in its opinion, the jury upon the evidence might well have found otherwise. See also Bazinsky v. Conklin, 8 N.J. 40 (1951); Capone v. Norton, 8 N.J. 54 (1951); Flexmir, Inc., v. Lindeman & Co., 8 N.J. 602 (1952); Barber v. Vaccaro, 32 N.J. Super. 573 (App. Div. 1954), certification denied, 17 N.J. 523 (1955).
The action of the jury in returning a verdict against plaintiff passenger while finding both drivers negligent carries with it the obvious conclusion that he had failed to establish compensable injuries proximately resulting from the accident. The medical testimony was in some conflict as to the causal relation between the accident and plaintiff's subsequent complaints of pain and disability, but our reading of the record leads to the conclusion that the circumstances of the accident, the history of plaintiff's physical condition before and after the collision, and the medical testimony amply support the verdict reached by the jury.
The jury not having been persuaded that plaintiff had suffered compensable injuries as a result of the accident *137 it follows that its verdict of no cause of action was not irreconcilable and inconsistent with the similar verdict reached in the companion case of Kovacs v. Everett where both drivers were found contributorily negligent. Negligence without more is insufficient to entitle a party to recover, for he must also show a compensable injury. Watkins v. Myers, 12 N.J. 71 (1953). It is the injury and not alone the negligent act which gives rise to a right of action, "for a negligent act is not in itself actionable, and only becomes the basis when it results in injury to another." Ochs v. Public Service Ry. Co., 81 N.J.L. 661, 662 (E. & A. 1911); Murphy v. Terzako, 14 N.J. Super. 254 (App. Div. 1951). And see Hughes v. Eureka Flint & Spar Co., Inc., 20 N.J. Misc. 314, 26 A.2d 567 (Cir. Ct. 1939).
Plaintiff next argues that the trial judge erred in allowing the jury to see the complaint without also permitting it to take into the jury room the amendment to the complaint. During its deliberations the jury specifically requested the court to permit it to see the original complaint filed by the plaintiff so that it might know whether plaintiff was suing for injuries to his whole back or only a part. Counsel for plaintiff stated he had no objection to the court doing so, but that the "amended complaint" should also be supplied to the jury. (As noted, there was no amended complaint, as such, but only an order for amendment of the ad damnum clause.) The court acceded to the jury's request, but instructed it that "complaints are drawn by the party who is bringing the suit, and the others have nothing to do with the drawing" thereof, and that the jury was "to be bound by whatever the proof is in the case."
We find no prejudice in allowing the complaint to go to the jury in the circumstances. Examination of the original complaint shows that it does not refer to the back but to "personal injuries" suffered by plaintiff. In addition to the specific direction of the court when it let the complaint go to the jury, we have the ready acquiescence of plaintiff's counsel that the court might do so. It might be observed that whether or not pleadings are sent out with the jury is a matter *138 resting in the trial judge's discretion. Portley v. Hudson & Manhattan R. Co., 113 N.J.L. 13 (E. & A. 1934). What was done here was not inconsistent with substantial justice. Cf. Palestroni v. Jacobs, 10 N.J. Super. 266 (App. Div. 1950); and see R.R. 1:5-3(b), R.R. 2:5.
Finally, plaintiff complains of error by the trial court in denying his motion for a new trial. Essentially that motion was based on plaintiff's contention that there was no competent evidence to support the jury's finding of no cause of action predicated upon his failure to prove compensable injuries flowing from the accident. We have already dealt with this argument. As the trial court pointed out in its oral conclusions in denying the motion for a new trial, the medical testimony created a fact question solely within the province of the jury, and it had a right to find that there was no cause for action.
As already stated, the scope of review by a trial court of a jury verdict on a motion for a new trial is the same as that of an appellate court. R.R. 4:61-1; Hager v. Weber, 7 N.J. 201 (1951). But the appellate court's function is even narrower in reviewing the ruling of a trial judge in passing on a motion for a new trial. Hartpence v. Grouleff, 15 N.J. 545 (1954) is dispositive of the issue. In affirming the action of the trial court on a motion for a new trial, the Supreme Court there said:
"A trial judge is in a better position than an appellate court to decide whether justice has been done under the particular circumstances and the weight of the credible evidence. He sees and hears the witnesses, observes their demeanor and reactions, none of which has life in the record on appeal. He is in a position to know and equate all the factors, including any error he may have made, and establish a basis which leads to the conclusion that the verdict was the result of passion, mistake or prejudice. His action should not be disturbed unless it clearly and unequivocally appears there was a manifest denial of justice under the law. * * *" (15 N.J., at page 549)
Affirmed.