68 N.J. Super. 155 (1961)
171 A.2d 673
JOHN LINO, PLAINTIFF-APPELLANT,
v.
GWENDOLYN MORRIS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1961.
Decided May 31, 1961.
*156 Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Harry C. Chashin argued the cause for plaintiff-appellant (Messrs. Marcus & Levy, attorneys; Mr. Chashin, of counsel).
Mr. Samuel Doan argued the cause for defendant-respondent (Messrs. Stalter, Doan & De Yoe, attorneys; Mr. Doan, of counsel; Mr. Aaron Dines, on the brief).
The opinion of the court was delivered by PRICE, S.J.A.D.
Plaintiff, a passenger in a motor vehicle of one George DiLallo, seeks the reversal of a judgment entered in favor of defendant, the operator of an automobile which struck the rear of the car in which plaintiff was riding. The judgment was entered in the Superior Court, Law Division, on a jury verdict of no cause for action. Plaintiff had sought damages for injuries allegedly suffered as the result of the aforesaid collision.
The principal question raised by the appeal is the propriety of the trial court's denial of plaintiff's motion for a peremptory instruction to the jury that the collision was due to defendant's negligence. The motion was made following the presentation of all of the evidence. The trial court reserved decision pursuant to R.R. 4:51-2(a) and, following the jury's aforesaid verdict of no cause for action, entered an order denying that motion as well as plaintiff's further motion to set aside the verdict and grant him a new trial either on "all issues or limited to the issue of damages." R.R. 4:61-1(a). Neither at trial nor here was any contention made by defendant that plaintiff was guilty of contributory negligence and the trial judge in his charge specifically excluded such defense from the jury's consideration.
*157 To assess the propriety of the trial court's action denying plaintiff's aforesaid motion for a peremptory instruction on the issue of negligence, we turn to a consideration of the proofs revealed by the record before us. The accident occurred at about 8:00 A.M. on a clear day. Plaintiff was riding in the rear seat of the DiLallo automobile. DiLallo had stopped his car in congested traffic on a level, two-lane public highway and kept his foot on the brake as he awaited a chance to proceed. The surface of the road was dry. Six feet ahead of the DiLallo car another automobile had also halted in the line of traffic. DiLallo's car had been stationary for "eight" or "ten" seconds when defendant's automobile, proceeding in the same direction, struck the rear of his vehicle with such force as to propel it forward and against the car ahead of him. The front and rear of the DiLallo car were damaged as well as the front of defendant's automobile. Plaintiff was thrown to the floor of the DiLallo car by the impact.
Plaintiff testified that while the DiLallo car was "stopped for traffic" he heard the "honking of a horn." Looking out of the rear window of the automobile he observed defendant's approaching car "ten or fifteen feet away." He testified that defendant was looking to her left, not observing "where she was going" and, while her eyes were still averted, the collision occurred.
Defendant admitted that the DiLallo automobile was stationary when her car struck it in the rear. She testified that prior to the accident she was proceeding "ten to twenty miles an hour * * * approximately two car lengths" behind the DiLallo car; that while so moving she "looked" to her "left" and sounded her car horn to attract the attention of a friend she saw alighting from an automobile along the highway and belatedly failed to note that the DiLallo car had stopped. She graphically described the accident as follows:
"* * * [J]ust before the accident took place, I looked to my left at the street that comes on to Passaic Street, and at that time *158 I noticed a car and a girl getting out of it that I work with. I blew my horn at this particular girl. She did not see me, and all of a sudden I looked back and realized that I was right up on what turned out to be Mr. DiLallo's car. I applied my brakes. At the time that I applied my brakes, I did not have enough distance to stop without hitting his car."
The basis for the trial court's denial of plaintiff's motion was expressed by it in part as follows:
"I feel * * * that there was a question of liability to go to the jury, a question of negligence.
The question of how long the DiLallo car was stopped at the time that the defendant's car ran into it was a material issue on which there was disputed proof, because if the DiLallo car had stopped so suddenly that the defendant's looking away for one second, as she testified, would have caused her to run into the DiLallo car, then the jury would be  was within its province in deciding this is a question of negligence adversely to the plaintiff.
And so I think the dispute as to the length of time that the DiLallo car was stopped, Mr. DiLallo saying that he was stopped eight to ten seconds, and the defendant's testimony that she was moving 15 to 20 miles an hour behind the DiLallo car which was going about the same rate, that she moved her eyes for one second, during which time the DiLallo car stopped, raises a material issue for the jury on the question of negligence.
Also, on the same issue, I think the question of whether the DiLallo car gave any warning that he was going to stop is important, even though the defendant on her own testimony looked away for one second, the jury might infer that had Mr. DiLallo blown his horn when he realized that he was going to stop suddenly, if the jury should find that he did stop suddenly, that that might have caused the defendant to take notice of the DiLallo car more prudently than what she actually did. In any case, I think there was a material issue for the jury on that question of negligence."
Defendant advances the same reasons on appeal. They are without merit. There was no proof whatever that DiLallo's car had "stopped so suddenly" that defendant was "caused * * * to run into" it. There was no justification for an inference, as suggested, that DiLallo was under any duty to blow "his horn." There was a complete absence of any proof that the operation of the DiLallo car caused or even contributed to the happening of the accident. From defendant's own testimony it is clear that she and she only *159 was responsible therefor. Her explanation of the accident varied only slightly from plaintiff's proofs. She testified that after endeavoring to attract the attention of her friend on the side of the road, she again looked forward, but by that time was within "six" or "seven" feet of the DiLallo car and, in her own words, "did not have enough distance to stop without hitting" it. We find no evidence, or legitimate inference therefrom, on "which the jury could have reasonably returned a verdict on the question of negligence other than in favor of plaintiff." Cermak v. Hertz Corp., 53 N.J. Super. 455, 460-461 (App. Div. 1958), affirmed 28 N.J. 568 (1959).
In denying plaintiff's aforesaid motion, on which as above stated it had reserved decision until after the rendition of the verdict, the trial court, following the above-quoted expression of its view on the issue of defendant's negligence, said:
"If, however, I am wrong about that, nevertheless, the jury might well have found on weighing the testimony of the plaintiff and his doctors, that it did not believe that the plaintiff suffered any injury, and if that is so, then no prejudice was done to the plaintiff on the finding of no cause of action."
In support of its conclusion the court cited Murphy v. Terzako, 14 N.J. Super. 254, 260 (App. Div. 1951), and Kovacs v. Everett, 37 N.J. Super. 133 (App. Div. 1955), certification denied Kovach v. Kovacs, 20 N.J. 466 (1956). Seeking affirmance of the judgment in her favor, defendant relies in part on the same decisions. However, those decisions must be read in light of their peculiar facts and are not pertinent here. The verdict cannot be justified on the theory that it may have been based on a finding that plaintiff had failed to establish compensable injuries proximately resulting from the accident. The inherent weakness in that contention is that the jury may have decided that defendant was not negligent. It is true that the issue of the nature and cause of plaintiff's disability was sharply contested at trial and that the proofs contain markedly divergent lay *160 and medical testimony referable thereto. Nor is there any doubt that to justify a recovery of damages plaintiff was obliged to show a compensable injury proximately resulting from the accident. Kovacs, supra, 37 N.J. Super., at p. 137. But such factors cannot support the verdict of no cause for action which may on this record have been based on the jury's determination that defendant was free from negligence  an issue which it was erroneously directed to resolve. This is the type of case in which it would have been well to instruct the jury to return a special verdict. R.R. 4:50-1.
The judgment in favor of defendant is reversed. A new trial is granted limited to the issues of plaintiff's injuries, if any, their proximate relationship to the accident and, if determined by the jury to be so related, the amount of damages to which plaintiff is entitled. Costs to abide the outcome.