Francis **HANLEY**, Appellant,

v.

Herbert L. **HECKLER**.

No. 16372.

United States Court of Appeals
Third Circuit.

Submitted May 4, 1967.

Decided July 11, 1967.

Frederick D. Duden, Jr., Philadelphia, Pa., for appellant.

Arthur Montano, Kisselman, Devine, Deighan & Montano, Camden, N. J., for appellee.

Before STALEY, Chief Judge, and BIGGS and HASTIE, Circuit Judges.

OPINION OF THE COURT

STALEY, Chief Judge.

This is an appeal from the judgment of the District Court for the District of New Jersey entered upon a jury verdict for the defendant. Plaintiff assigns as error the refusal of the district court to direct a verdict in his favor on the question of liability, and the further refusal of the district court to grant plaintiff's motion for a new trial. We conclude that it was error to refuse the plaintiff's motion for a directed verdict as to liability, and we will remand the case for a new trial limited to the issue of damages.

The action arose out of a chain-reaction collision at a toll booth of the New Jersey Turnpike. Jurisdiction is based on diversity of citizenship and New Jersey law applies. The plaintiff

testified that he was the driver of the third car in a line of four cars stopped to pay tolls when the defendant struck the rear-most vehicle in the line, throwing it in turn into plaintiff's car. Under the applicable New Jersey doctrine of res isa loquitur, this was sufficient to establish a prima facie case for the jury. Vespe v. DiMarco, 43 N.J. 430, 204 A.2d 874 (1964); Bevilacqua v. Sutter, 26 N.J.Super. 394, 98 A.2d 60 (1953). At this juncture, it would have been improper to direct a verdict for either party—even had the defendant elected to put in no defense—because the New Jersey rule is that while the jury may draw an inference of negligence, this inference may not be compelled. Vespe v. DiMarco, supra; Lorenc v. Chemirad Corp., 37 N.J. 56, 179 A.2d 401 (1962).

The defendant, however, sought to establish the defense that the collision was sudden and totally unexpectable and that he had acted with due care under emergency circumstances not of his own making. He introduced the testimony of the state trooper who investigated the accident and the county mechanic called to the scene by the authorities, that the collision was caused by the defendant's loss of brakes. The state trooper testified that as a result of his investigation with the mechanic, he concluded and reported that the defendant's car had been overloaded and that the overloading caused the clamps on the helper springs of the defendant's car to rub and rupture the rear hydraulic brake lines and this caused the brakes to fail. The mechanic testified that the helper springs, a device installed to add to the load capacity of a car in order to pull a trailer or to assist weak rear springs, had been improperly installed so that they rubbed the brake lines, and that the clamp should have been installed in the reverse manner.

The defendant testified that he had his son-in-law install the helper springs, although his son-in-law was not a mechanic. He further testified that he had had the brakes checked the day before the accident, that the brake failure was sudden and without advance warning, and that he had "fumbled" in reaching for the emergency brake and when he tried to steer into another lane, it was too late to avoid the collision.

At the close of the defendant's case, both sides moved for directed verdicts, and both motions were denied. The case was submitted to the jury which returned a verdict for the defendant. Thereafter, the plaintiff moved for a judgment n. o. v. as to liability and a new trial as to damages.

■ Giving the defendant the benefit of the most favorable view of the facts and inferences therefrom because of the jury verdict, and as we must do in reviewing the propriety of the district court's denial of plaintiff's motion for a directed verdict of liability, we nevertheless conclude that it was error to refuse the plaintiff's motion because there was no evidence to support the jury's verdict.

■ In so holding, we recognize the firm New Jersey rule, supra, forbidding the direction of a verdict where the plaintiff relies on a theory of res ipsa loquitur. However, the posture of this case at the conclusion of the defendant's evidence was very different from the normal situation where the jury must draw the inference—or reject it—from circumstantial evidence. Here, there was direct proof of the cause of the accident and the defendant's negligence, albeit supplied by the defendant and his witnesses, the state trooper and mechanic, both of whom were disinterested. This testimony was not to be disregarded; the New Jersey rule is " * * * that where the uncontradicted testimony of a witness, interested or otherwise, is unaffected by any conflicting inferences to be drawn from it and is not improbable, extraordinary or surprising in its nature, or there is no other ground for hesitating to accept it as the truth, there is no reason for denying the verdict dictated by such evidence". Ferdinand v. Agricultural Ins. Co., 22 N.J. 482, 126 A.2d 323, 332, 62 A.L.R.2d 1179 (1956). Accordingly, since there was no evidence, or legitimate inference therefrom upon

which the jury could have reasonably returned a verdict on the question of negligence other than in favor of the plaintiff, he was entitled to a directed verdict as to liability, Lino v. Morris, 68 N.J.Super. 155, 171 A.2d 673 (1961); Cermak v. Hertz Corp., 53 N.J.Super. 455, 147 A.2d 800 (1958), aff'd, 28 N.J. 568, 147 A.2d 795 (1959). We will reverse the judgment and remand to the district court for a new trial limited to the issue of damages.