GEORGE MARCINKO, Jr., BY NEXT FRIEND, GEORGE MARCINKO, Sr., PLAINTIFFS, v. CONRAD SAUER, DEFENDANT.

Decided February 26, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Henry K. Golenbock.*

*Contra, Freeman Woodbridge.*

PER CURIAM.

The plaintiffs, father and son, the father as next friend of his minor son, and also in his individual right, brought an action against the defendants to recover compensation by the minor plaintiff for injuries sustained by him as a consequence of being run into and injured by the defendant's automobile, through the latter's negligence, and also to recover damages sustained by him, the father, in the loss of his son's services and for expenses necessarily incurred to effect his son's cure.

The case came on for trial in the Middlesex Circuit and resulted in a verdict for the minor plaintiff in the sum of $300 and in a verdict for the father in the sum of $100, against the defendant.

There is no contention on part of counsel of the defendant, that under the testimony adduced, a jury could not properly find for the plaintiffs.

The plaintiffs obtained a rule to show cause why the verdict should not be set aside as being inadequate.

According to the testimony, the minor plaintiff, while crossing from the east side of Brunswick avenue to the west side, was run into by the defendant's automobile. He was picked up by a police officer in an unconscious condition. He was taken to the hospital where he was bandaged up and remained a day or two. There was testimony that he was suffering from a concussion of the brain. He received many lacerations on his body of a painful character. He was unable to return to his employment for two months. At the time he was injured he was earning $12 a week.

He was fifteen years of age at the time of the accident, and eighteen years of age at the time of the trial, and there was testimony that he was still suffering from the effects of his injuries.

In view of this testimony a verdict of $300 was ridiculously small and inadequate and therefore should be set aside.

As to the father, it appeared there was an actual expenditure by him of $103. Moreover, the father was entitled to recover for the loss of services of his son, and for any future medical expense that he would be put to by reason of the impaired physical condition of his son. During the eight weeks that the son was unable to go to work, there was a loss of services amounting to $96.

The verdict of the father of $100 is clearly against the weight of the testimony, and wholly inadequate, and should be set aside, and a new trial is ordered on the question of damages only, as to both plaintiffs.