26 N.J. Super. 157 (1953)
97 A.2d 511
NOEL LANDRIANI AND HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
LAKE MOHAWK COUNTRY CLUB, AND OTHERS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1953.
Decided June 3, 1953.
*159 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Maurice C. Brigadier argued the cause for the appellants.
Mr. Francis E. Bright argued the cause for the respondents Lake Mohawk Country Club and Jay M. Cooper (Messrs. Dolan and Dolan, attorneys).
Mr. Lewis W. Vanderbach argued the cause for the respondents The Arthur D. Crane Company and Frank C. Wheeler (Messrs. Vanderbach & Vanderbach, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
The plaintiffs appeal from an order of the Law Division dismissing the complaint for the reason that it "does not set forth a cause of action upon which relief may be granted."
The complaint alleges a conspiracy to defraud the plaintiffs by false pretences, which conspiracy was carried into effect. In a civil action, the conspiracy is not the gravamen of the charge, but is a matter of aggravation and enables the plaintiff to recover against all the defendants as joint feasors. The actionable element is the tort which the defendants agreed to perpetrate and which they actually committed, Van Horn v. Van Horn, 52 N.J.L. 284 (Sup. Ct. 1890), and 56 N.J.L. 318 (E. & A. 1893).
The defendants argue that the complaint does not charge an actionable fraud and does not show that the wrongful act caused damage to the plaintiffs. The complaint alleges:
The defendant Lake Mohawk Country Club owns a lake, and *160 incidental thereto docks, pavilions and beaches, and other recreational facilities such as club houses, a golf course and tennis courts. Another defendant, the Arthur D. Crane Company, induced the plaintiffs to buy a cottage adjoining the lake by representing that it would procure a membership in the club for the plaintiffs upon their purchase of the cottage. The defendants, at the time the representation was made, knew that the plaintiffs would not buy unless they could acquire membership in the club and thereby obtain the privilege of using the lake and other properties of the club. At the same time they intended that plaintiffs should not be admitted to membership or to the enjoyment of the club's facilities. Relying upon the representation, the plaintiffs bought the property and in due course were denied membership.
Some of the defendants contend that the defendant who made the false representation is alone liable. But each conspirator is the agent of the others, so that whatever is done by one in execution of the conspiracy is done by all. Stewart v. Johnson, 18 N.J.L. 87 (Sup. Ct. 1840). As pointed out in Van Horn v. Van Horn, supra, they are all joint tortfeasors.
Again, the defendants argue that a mere false promise to do something in the future is not a good basis of a charge of fraud. But here we have a misrepresentation of the defendants' intention. A representation to form the basis of an action of deceit must relate to some past or existing fact and ordinarily it cannot be predicated on something to be done in the future. But a false representation of an existing intention may be actionable. Roberts v. James, 83 N.J.L. 492 (E. & A. 1912); Brittingham v. Huyler's, 118 N.J. Eq. 352 (Ch. 1935), affirmed 120 N.J. Eq. 198 (E. & A. 1936); Comfort Spring Corp. v. Brooks Equipment Corp., 13 N.J. Super. 564 (App. Div. 1951).
The club urges as a ground for dismissing the complaint that the plaintiffs have no "legal right" to membership in it. But they do not sue for violation of a supposed right to membership; they sue for conspiracy and fraud.
*161 The most serious question raised is whether the complaint shows that the plaintiffs have been damaged by the fraud. A complaint for deceit must aver that the plaintiffs have been injured and must show, with reasonable certainty, that the fraud was the cause of the alleged damage. Byard v. Holmes, 34 N.J.L. 296 (Sup. Ct. 1870). And that the damage was the natural result of the wrongful act. Kearney v. National, etc., Corp., 126 N.J.L. 307 (E. & A. 1941). A companion rule leads to a non-suit if the plaintiff fails to prove damages. Bingham v. Fish, 89 N.J.L. 688 (E. & A. 1916). The allegation of the complaint on the subject of damages reads:
"As a result of the aforementioned act, * * * the plaintiffs are unable to fully utilize or enjoy the property which they have purchased, by reason of the discrimination of the defendants. The plaintiffs are unable to alienate the property which they have purchased in the manner that they would be able to alienate it if they were members of the Club. The discrimination and acts of the defendants have humiliated the plaintiffs, causing them undue embarrassment in their social relations, and monetary and economic loss in that the premises and properties which the plaintiffs purchased derive value from their physical location and relation to the lake on the reservation and the other properties of the Club, and consequently the property is not worth the price paid for it by the plaintiffs if the Club properties are not available to the plaintiffs."
The normal measure of damages for deceit in the sale of property is the difference between the price paid and the real value of the property. Crater v. Binninger, 33 N.J.L. 513 (E. & A. 1869); Lams v. Fish, 86 N.J.L. 321 (E. & A. 1914); Restatement, Torts, § 549. We do not follow the rule which has been adopted in a number of the states that the damages are measured by the difference between actual value and the value the property would have had if it had been as represented. See Prosser on Torts, § 771.
The second specification of damages ("The plaintiffs are unable to alienate," etc.) and the last ("Consequently the property is not worth the price paid," etc.), do not appear to be results of or even connected with the fraud. While it would be reasonable to conclude that a person who is a *162 member or who could obtain membership in the club would pay more for the lot than one who could not, there is no reason to believe that any one would buy more readily from a member than from a non-member. The property is worth what a willing buyer would pay to a willing seller, be he member or non-member.
There remain the specifications that the plaintiffs are unable fully to enjoy their property and that they have been humiliated and embarrassed. In deceit, as in other tort actions, special or consequential damages may be recovered if they flow naturally and directly from the wrongful act, or  to state it in somewhat different form  if the damages proximately result from the deception. Feldmesser v. Lemberger, 101 N.J.L. 184 (E. & A. 1924); Racanati v. Black Diamond, etc., Co., 132 N.J.L. 250 (E. & A. 1944); Williams v. DeFabio, 3 N.J. Super. 182 (App. Div. 1949). In the first of these cases the plaintiff was allowed to recover the expense of prosecuting a suit for specific performance into which he was led by the fraud. In Vezina v. Souliere, 103 Vt. 190, 152 A. 798 (Vt. Sup. Ct. 1931), there was a recovery for personal injuries resulting from the deceit. Where the fraud has led to marriage, humiliation has been held a proper item for recovery. Leventhal v. Liberman, 262 N.Y. 209, 186 N.E. 675, 88 A.L.R. 782 (N.Y. Ct. App. 1933). A passenger forcibly and unlawfully ejected from a ferry boat is entitled to compensation for the indignity. Allen v. Camden, etc., Co., 46 N.J.L. 198 (E. & A. 1884). And in Magee v. Holland, 27 N.J.L. 86 (Sup. Ct. 1858), arising from abduction of children, the father was held entitled to damages for the injury to his feelings as well as exemplary damages, but only if he proved some loss of services. The condition, however, was not really a factor in the measurement of damages, but was a part of the definition of the cause of action, for loss of services was the foundation of the action. On the other hand, in negligence cases there can be no recovery for mental distress in the absence of physical injury. Ward v. West Jersey, etc., Co., 65 N.J.L. 383 (Sup. Ct. 1900).
*163 Malice or willfulness and deliberation are inherent in a conspiracy to defraud and lead to a liberal measure of damages. We are satisfied that, under the circumstances alleged in the complaint, the impairment of plaintiffs' enjoyment of the cottage and their humiliation and embarassment may be proximate results of the fraud, and that the plaintiffs may be entitled to compensation for these injuries suffered during a period which would continue at least until, by reasonable exertions, they could remove to a more satisfactory place of residence and could sell their cottage. The complaint is good.
The order under appeal is reversed.