The determination of disqualification is affirmed.

ANTHONY MATHIAS, Jr., AN INFANT BY HIS GUARDIAN
*AD LITEM*, ANTHONY MATHIAS, Sr., AND ANTHONY
MATHIAS, Sr., AND JOSEPHINE MATHIAS, INDIVID-
UALLY, PLAINTIFFS-RESPONDENTS, v. EDWARD WIL-
LIAM LUKE AND THE HOME OIL COMPANY, A COR-
PORATION, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued September 27, 1955—Decided October 13, 1955.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. William R. Morrison* argued the cause for defendants-appellants (*Messrs. Morrison, Lloyd & Griggs* and *Mr. Gerald E. Monaghan,* attorneys).

*Mr. Jack Rinzler* argued the cause for plaintiffs-respondents (*Messrs. Feder & Rinzler,* attorneys).

The opinion of the court was delivered by

CONFORD, J. A. D. This was an action brought primarily on behalf of a seven-year-old boy for damages for injuries sustained when struck by a truck while crossing a street in Lodi. There was a jury verdict for the boy for $15,000 and in favor of his parents for their consequential losses in the sum of $5,000. Defendants applied for a new trial on the ground "that the verdict was the result of a (*sic*) mistake, partiality, prejudice or passion," not otherwise particularized. After service of the motion defendants filed with the court and relied at the hearing of the motion upon the affidavit of an investigator to the effect that three of the jurors told him the jury had, in arriving at its verdict, considered that

the plaintiffs would probably have to pay out of the recovery attorneys' fees of from 40% to 60% and also that the verdict should be sufficient to provide the infant plaintiff with a proper education. The motion was denied.

On the present appeal defendants urge: (a) the verdict for the parents is excessive, and (b) the verdict for the infant is infected by mistake on the part of the jury and is excessive.

The proofs were that the boy was struck with great force by the truck bumper and, among other injuries, sustained a transverse fracture of the femur (thigh bone), starting at the juncture of the middle third, with displacement. To set the bone the thigh was placed in a Thomas splint and then in traction but these procedures were unsuccessful because of the extensive overriding of the fractured bones. It was consequently necessary to perform an open reduction operation in which the bone was united and held by a steel plate fastened to the femur with four steel screws. The leg was set in a cast for three months. There is now a limp and continuous flexion of the right knee, the right extremity being 3/4 of an inch longer than the other and one buttock lower than the other. There is a permanent scar ten inches long and from one to two inches in width. There was evidence of permanent impairment of the boy's posture and mobility to a substantial extent, and that the chances are "two to one" that at some time in the future it will be necessary to operate to remove the steel plate. There was also some evidence of neurological involvement. We cannot conclude that the injuries to this child, his past and prospective pain and suffering, and his permanent disfigurement and disability, are not such as a jury could properly equate with $15,000 in damages. Cf. *Klotz v. Lee,* 36 *N. J. Super.* 6, 15, 16 (*App. Div.* 1955). We do not agree with the contention that this figure is excessive on its face.

Nor may we entertain, on the basis of the affidavit aforementioned, the argument that this jury was motivated by improper considerations in assessing damages. Defendants have presented an engaging development of the view

that the modern emphasis on justice in judicial procedure requires that we should abandon the settled rule that testimony will not be received from jurors to impeach their verdict (*Consumers Coal Co. v. Hutchinson,* 36 *N. J. L.* 24 (*Sup. Ct.* 1872)), where the misconduct of the jury is provable by objective manifestation, as here. We cannot enter upon the merits of the proposal since no proper case is presented for its consideration. The affidavit is hearsay and incompetent. *R. R.* 4:44–4; *Mueller v. Seaboard Commercial Corporation,* 5 *N. J.* 28, 36 (1950); *Whiteman Food Products Co. v. G. Arrigoni & C., etc.,* 27 *N. J. Super.* 359, 366 (*App. Div.* 1953). Directly in point on an application of this nature, is *Aylett v. Jewel,* 2 *Wm. Bl.* 1299, 96 *Eng. Rep.* 761 (*Com. Pl.* 1779). Moreover the filing of the affidavit without prior service with the motion was improper practice. *R. R.* 4:61–3.

█ It is urged that the verdict for the parents is excessive for the reason that the pecuniary outlay of the parents was only $940.88 and that no evidential basis was laid for the recovery of a larger amount. *Davis v. Gibbs,* 23 *N. J. Super.* 558 (*App. Div.* 1952). Plaintiffs point to the prospective future medical expenses, particularly for removal of the plate, and they contend it may be assumed by a jury that a child so badly disabled as this one will be of less use and value to the parents in everyday matters to an extent estimable in the sound discretion of the jury. The reliance on the prospective medical expenses is not supported by any proof as to what they would come to in money. This being an item fairly susceptible of proof to some degree, and having in mind the rather speculative nature of the item, we think it cannot properly enter into an estimation of the parents' damages. For this reason we eschew determination of the point discussed at the argument as to whether future medical outlays for a child are recoverable by the parents rather than by the child. There are two strongly held views on the subject and the assumption of the New Jersey cases has been that the recovery belongs to the parents. See Annotations 37 *A. L. R.* 11, 38–41 and 32 *A. L. R. 2d* 1060, 1075-1076; *Clarke v. Eighth Ave. R. Co.,* 238 *N. Y.* 246, 144 *N. E.* 516,

37 *A. L. R.* 1 (*Ct. App.* 1924); *Wood v. Morris & Co.,* 2 *N. J. Misc.* 1010, 1012, 1013 (*Sup. Ct.* 1924); *Murray v. Cohen,* 4 *N. J. Misc.* 139, 142–143 (*Sup. Ct.* 1926); *Marcinko v. Sauer,* 8 *N. J. Misc.* 127, 128 (*Sup. Ct.* 1930).

We are of the view, however, that both authority and good reason support the concept that it was within the province of the jury in this case, notwithstanding what was said in the *Davis* case, *supra,* in relation to the particular facts there involved, to conclude that there was every prospect that this lad would be of materially less use and service to his parents until majority or emancipation as a result of his disability and to fix its estimate thereof in a reasonable amount. This kind of loss is not reducible to a dollar figure by proof but that is not to say it is not compensable. In *Dwyer v. New York Telephone Co.,* 4 *N. J. Misc.* 986 (*Sup. Ct.* 1926), the court had before it a rule to show cause why a verdict of $4,000 for a 12-year-old boy and $1,000 for his mother, representing damages for personal injuries, should not be reduced as excessive. There was evidence that the boy's injuries would leave one of his sides weak and would affect his lifting power; also that there was some indication of brain irritation. There was no reference in the opinion to the amount of the medical expenses, nor as to the extent to which the mother could have expected, were it not for the injuries, to benefit from the boy's services and future earnings. The court nevertheless refused to reduce the verdict for the mother, saying,

"* * * In view of the fact that the lad's usefulness and earning power will be more or less impaired as a result of his injuries, and since his mother is entitled to his earnings until he is 21 years of age, unless he is sooner emancipated, the verdict in her favor will not be disturbed." (4 *N. J. Misc.,* at *page* 988)

Similarly, in *Alisauskas v. Itro,* 9 *N. J. Misc.* 1057 (*Sup. Ct.* 1931), an 8-year-old child suffered injuries resulting in permanent deafness of one ear. There was a jury award of $5,000 for the child and $1,200 for the father. The opinion does not indicate the amount of out-of-pocket expenses of the

father. The court refused to grant a new trial sought on the ground of the alleged excessiveness of the awards to the child and to the father. It said, in reference to the verdict in favor of the father:

"* * * As to the award to the father, it may fairly be assumed that the permanent deafness of his child in one ear will to some extent interfere with her ability to perform services during her residence in her father's home. Just what pecuniary loss the father would sustain by reason thereof is to some extent a matter of guesswork, and we cannot say that the jury was manifestly wrong in its finding that $1,200 would be reasonable compensation therefor." (9 *N. J. Misc.*, at *pages* 1058, 1059)

See also *Fabiano v. Berckes,* 1 *N. J. Misc* 406 (*Sup. Ct.* 1923); *Van Arsdale v. Osborn,* 8 *N. J. Misc.* 889 (*Sup. Ct.* 1930); *Murray v. Cohen, supra.* It is generally considered, in this connection, that the parent may recover not only for the loss of potential pecuniary gains by the child but also for the benefit of services rendered by the child in aid of the parent in everyday affairs. 67 *C. J. S., Parent and Child,* § 55, *p.* 758.

But we are of the opinion that considerations such as these cannot sustain a verdict for the parents to the extent of over $4,000 in excess of the out-of-pocket expenses, there being no proof of specific prospective pecuniary losses. *Davis v. Gibbs, supra.* The verdict will at least have to be reduced.

Defendants urge that the pretrial order precludes any allowance to the parents above actual outlay. They point to the provision therein that "all claims for damages and personal injuries are set forth in answer to Interrogs., (*sic*) and will be binding on plffs (*sic*) as of the date of said answers." An interrogatory requesting information as to "what monetary losses, other than medical expenses, are claimed by [the parents] as a result of the alleged injuries to Anthony Mathias, Jr." was answered: "$30.00, for clothing loss of plaintiff * * *." The second count of the complaint recited that the parents "will lose the services and earnings of their son." The court charged the jury that the parents "would be entitled, also, to be compensated for any loss of

services or pecuniary loss which they might sustain through the inability of this lad to assist them in the future, and to render support to them, that is, until he reaches the age of 21 years * * *." There was no objection to this part of the charge by defendants.

In view of the qualified reference in the pretrial order to the binding effect of the answers to interrogatories, "as of the date of said answers," the statement of the parents' demand in the complaint and the recited instructions to the jury, made without objection, we think the interests of substantial justice do not call for total disallowance of the parents' claim in the respect here under consideration. *Cf. Lertch v. Mc-Lean,* 18 *N. J.* 68 (1955). A court should not be astute to read a pretrial order as precluding what appears to be a just recovery where its language does not clearly require that result. We do not see how defendants' defense of the claim in this respect could have been materially aided by specification of the unliquidated item in the answer to the interrogatories.

The judgment for the infant plaintiff is affirmed. The judgment for the parents will be reversed and a new trial ordered as to damages only, unless, within 10 days of the entry of the mandate herein, they file a consent to reduction of the verdict in their favor to $2,500.